Glenn Edward PEACE, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–01262–CR.

Court of Appeals of Texas, Dallas.

June 10, 1983.

Rehearing Denied July 11, 1983.

Frank Pearce, Garland, for appellant.

Henry Wade, Dist. Atty., Kathi Alyce Drew, Asst. Dist. Atty., for appellee.

Before CARVER, VANCE and STEWART, JJ.

VANCE, Justice.

Appeal is from a conviction for driving while intoxicated. The appellant had entered a plea of guilty and the jury assessed his punishment at confinement in the county jail for one year and imposed a $500 fine. The appellant presents four grounds of error, all of which concern the court charging the jury under Tex.Code Crim.Proc.Ann. art. 42.03, § 5(a) (Vernon Supp.1982–1983). We will address only ground of error one which is dispositive of the appeal. Accordingly, we reverse and remand.

In ground of error one the appellant contends that the trial court erred in charging the jury as follows:

> You are further instructed that if you should assess the Defendant's punishment at confinement in the County Jail, the Court may, but not necessarily, order that the Defendant be released during working hours in order to engage in his employment.

The above instruction immediately followed the conditions of probation that may be imposed, in the event the jury recommended probation, as provided in Tex.Code Crim.Proc.Ann. art. 42.13, § 6 (Vernon Supp.1982–1983).

The appellant objected to the charge, contending that the matter of work release under Tex.Code Crim.Proc.Ann. art. 42.03, § 5(a) (Vernon Supp.1982–1983) was not a proper matter for consideration by the jury. The State argued that the instruction should be given because the appellant, on direct examination testified as follows:

> Q. Okay. Do you feel that if you had time in jail, do you feel that your job— from your own personal experience that your job that you have would be available to you when you came back?
>
> A. No, sir. I could not have it.

The State contended to the trial court that the above testimony gave the jury a "misimpression that he will automatically lose his job if sent to jail and (they) may in fact consider that as a justification for giving him probation, when they wouldn't otherwise." The trial judge in ruling that he would grant the State's request to charge the jury regarding work release said:

> The Court has considered this question extremely seriously. While it may agree with the State that the defendant might have opened up the area with the question asked, that in and of itself, would not be convincing argument for the Court to allow an instruction of that type to go to the Jury.
>
> However, in its argument originally in chambers requesting that portion of the charge which has already been agreed upon, to include the various impositions that the Court could impose if the defendant was placed on probation. One of the cases cited to the Court indicated that that was not a harmful area to the defendant and that it allowed the jury, to make an intelligent assessment as to whether or not to grant probation. And, therefore, using that theory and thought process, if they can make an intelligent— if they can have all the possible conditions of probation then that should be carried on to the other way to be able to make an intelligent assessment of whether or not he should be placed in jail, and the Court will grant the State's Motion to include it in the charge.

There is no provision for work release among the conditions of probation provided in Article 42.13, § 6. Rather, as contended by appellant, the matter of work release, in the event of a jail sentence, is by statute placed within the exclusive discretion of the trial court. Thus, it *is not* and *should not* be a matter to be given consideration by the jury in fixing the proper punishment based on the evidence. By so doing the court's charge denied the appellant a

fair and impartial trial on the question of the punishment to be assessed. Tex.Code Crim.Proc.Ann. art. 36.19 (Vernon 1981).

Reversed and remanded.